**Linda EGGLESTON, Plaintiff,**

v.

**PIERCE COUNTY, WASHINGTON; Myron Smith; Randy Sweem; Roger Gooch; and Ben Benson, Defendants.**

**No. C98–5563 FDB.**

United States District Court,W.D. Washington, at Tacoma.

June 5, 2000.

Heidi H. Borson, Timothy K. Ford, Mac-Donald, Hoague & Bayless, Seattle, WA, for plaintiff.

Fredrick Ross Burgess, John W. Ladenburg, Jr., Burgess, Fitzer, Leighton & Phillips, Tacoma, WA, for defendant.

## ORDER STAYING PLAINTIFF'S FOURTH AND FIFTH AMENDMENT CLAIMS AND REMANDING STATE TAKINGS CLAIM

BURGESS, District Judge.

On the morning of October 16, 1995, the Pierce County Sheriff's Office serviced a narcotics search warrant of Ms. Eggleston's home in Tacoma, WA. An exchange of gunfire between Pierce County deputies and Brian Eggleston, plaintiff's son, resulted in the death of Sheriff's deputy, John Bananola and the serious wounding of Brian Eggleston.

Subsequently, after two trials, Mr. Eggleston was convicted of second degree murder of Deputy Bananola, first degree assault and marijuana possession. The Defendants conducted at least one other search of plaintiff's home in April 1996 in conjunction with Brian Eggleston's trial. After the second trial, Linda Eggleston filed the instant § 1983 action suit asserting the violation of her Fourth Amendment rights in the search and seizure of her property, as well as a state and federal claim seeking compensation for the taking of her property, pursuant the Washington Constitution and U.S. Constitution, respectively.

On May 31, 2000, this Court conducted a hearing regarding the parties cross motions for summary judgment. The hearing was conducted due to this Court's concerns about the appropriateness of the instant proceedings while the state criminal appeal Brian Eggleston, plaintiff's son, is pending sharing many of the same factual and legal issues presented here. A broad summary of the parties' arguments is as follows.

Plaintiff Eggleston moves the Court for partial summary judgment on the following liability issues: Plaintiff asserts the affidavit by defendant Deputy Ben Benson for a narcotics search warrant for her house that was executed on October 16, 1995, contained materially false and misleading statements in violation of her Fourth Amendment rights. Also, that a subsequent "murder scene" search and seizure of property on October 16, 1995 by defendant Pierce County violated Ms. Eggleston's rights under the Fourth Amendment. Finally, that defendant Pierce County violated Plaintiff's Fourth Amendment rights again on April 16, 1996 by causing walls to be seized and removed from her house without the authority of a valid search warrant. And that the removal of walls by Defendant caused Ms. Eggleston's home to become inhabitable thus constituting a taking under the Fifth Amendment to the Constitution and article I, section 16 (amendment 9) of the Washington State Constitution.

The Defendants oppose Plaintiff's motion for partial summary judgment and move for partial summary judgment asserting the search and seizure of property issues raised by plaintiff were decided adversely to her in the criminal prosecution of Brian Eggleston and are thus barred by collateral estoppel. Also, that Deputy Benson's Affidavit for the October 1995 search warrant did not contain material misrepresentations or omissions, and that the Defendants' presence in Plaintiff's home following the shooting did not violate her Fourth Amendment rights because they were lawfully present under the narcotics search warrant.

### I. Fourth Amendment Claims

Here, Defendant asks the Court to apply the collateral estoppel doctrine to prevent Plaintiff from asserting Fourth Amendment issues raised during the prior crimi-

nal trial of Brian Eggleston, namely the validity of warrant(s) issued for the search of the Eggleston home, the validity of the search pursuant to the warrant(s) and seizure of property therein. As this is a factually extensive argument, I will not separately address each issue raised by the parties. Rather I find the determinative issues at this stage of the proceedings are finality and ripeness.

 In order for collateral estoppel to apply, the issue(s) must have been actually litigated in the first proceeding and necessarily determined. Here, it is undisputed that Brian Eggleston's pending state criminal appeal includes the issue of the validity of the October 1995 search warrant issued on the Eggleston home.[1] As the October 1995 narcotics search was the impetus for all subsequent events complained of by Linda Eggleston, I find that this Court's adjudication of the plaintiff's Fourth Amendment claims are inextricably intertwined with the state court criminal appellate proceedings. Accordingly, it is in the best interest of comity and judicial efficiency that I stay consideration of Plaintiff's Fourth Amendment claims pending a final decision of Brian Eggleston's state criminal appeal.

## II. Takings Claims

Ms. Eggleston asserts two takings claims: a Fifth Amendment Takings claim filed by plaintiff in federal court and an inverse condemnation claim pursuant to article I, section 16 (amendment 9) of the Washington State Constitution. The factual issues are identical in each. The legal issues are distinguishable in that the federal claim requires that there be no state remedy available.

 The U.S. Supreme Court has stated that there are two requirements for ripeness of a takings claim: (1) that there has been a final decision by the state regarding the property at issue; and (2) the

plaintiff has attempted to obtain just compensation for the property in state court. *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985).

Here, Plaintiff Eggleston avers that she "filed a claim for damages with the Pierce County before filing this suit. When she received no response from the County, she filed an inverse condemnation action in state court" [Pl.Opp.Def.Mot.Sum.Judg. at 19], as well as a Fifth Amendment Takings claim in federal court.

 Subsequently, Ms. Eggleston attempted to obtain just compensation for damage to her home by filing an inverse condemnation takings claim in state court which was subsequently removed by Defendants to federal court and consolidated with the instant case. However, I find that the removal by Defendants of plaintiff's inverse condemnation state claim to federal court is improper pursuant to the *Williamson County* ruling that unequivocally requires an exhaustion of state remedies before an attempt to obtain a remedy in federal court. See *U.S. West Communications v. MFS Intelenet, Inc.*, 193 F.3d 1112 (9th Cir.1999) ("Moreover, because Washington law provides a remedy for takings, see Washington State Const. art. I, § 16; U.S. West must pursue that remedy before bringing an action under the Fifth Amendment in federal court.") (citations omitted); see also *Hammond v. Baldwin*, 866 F.2d 172, 179 (6th Cir.1989) ("[A] suit under 42 U.S.C. § 1983 is inappropriate until a final decision of the state in an inverse condemnation action is entered against the plaintiffs. Indeed, on the federal level, the 'availability of a state inverse condemnation action, absent a showing that such action is inadequate to protect constitutional rights, is sufficient to satisfy the mandates of the Fifth Amendment' ").

---

1. Plaintiff's attorneys stated they were unsure as to whether Brian Eggleston's appeal also

challenged the validity of the April 1996 warrant.

At this premature stage, it is unknown whether plaintiff Eggleston could obtain redress in state court for damage to her home. Thus, neither Plaintiff's inverse condemnation state claim nor her Fifth Amendment Takings claim are ripe for consideration. Accordingly, I find it proper to remand the inverse condemnation claim to state court for adjudication and stay plaintiff's Fifth Amendment Takings claim pending the outcome.

### Conclusion

This Court has reviewed the pleadings filed in support of and in opposition to the parties' cross motions for partial summary judgment and the file herein. After the hearing of oral argument, and review of the records and files in this matter, it is apparent to this Court that there are specific factual and legal issues in this case, applicable to all of the parties to this action, which this court cannot isolate without addressing some of the issues currently on appeal by Brian Eggleston in state court.

I find that the factual and legal issues which have been presented regarding Plaintiff's claims pursuant to the Fourth Amendment, and at least indirectly, Plaintiff's Fifth Amendment Takings claim, are inextricably intertwined with the state court criminal appellate proceedings.

I find that both Plaintiff's Fifth Amendment Takings claim and inverse condemnation claim pursuant to article I, section 16 (amendment 9) of the Washington State Constitution, originally filed in state court and removed by Defendants, are unripe for consideration by the Court at this time. Because Ms. Eggleston must exhaust her state remedies as to her state claim, Defendant's removal to this Court was improper and it is appropriate to remand the inverse condemnation claim to state court for adjudication. Ms. Eggleston's federal takings claim is unripe for consideration until her state takings claim is decided. Therefore, I will stay the Court's consideration of plaintiff's Fifth Amendment takings claim until the state court's adjudication of the inverse condemnation claim.

Having reviewed the briefs of the parties, this court is not persuaded that there are severable issues which can be resolved without violating federal and state comity. Finally, as the matter now stands, the facts are not sufficiently defined to warrant either defendants or plaintiff being granted judgment as a matter of law.

Accordingly, it is hereby

ORDERED:

(1) That Plaintiff's claims pursuant to the Fourth Amendment of the U.S. Constitution are STAYED pending the disposition of the state court criminal appeal of Brian Eggleston;

(2) That Plaintiff's inverse condemnation claim pursuant to article I, section 16 of the Washington State Constitution is REMANDED to state court for adjudication;

(3) That Plaintiff's claims pursuant to the Takings Clause of the Fifth Amendment of the U.S. Constitution are STAYED pending the adjudication of plaintiff's state inverse condemnation claim; and

(4) The Court expects the parties to preserve any evidence related to this matter. Failure to preserve any evidence related to this matter will subject the offending party to sanctions.

It is so ordered.